McFarland, J.,
delivered the opinion of the Court.
The bank brought this suit against Day. There are several counts in the delaration. The general history of the transaction upon which the action is founded, is as follows. H. T. Coffee drew a bill of exchange for $12,515, at fifteen days, on Blair & Buck, of Hew Orleans. This bill was discounted by the plaintiff and the proceeds paid to Coffee on his check. Coffee had filed with the bank the letter of Blair & Buck, agreeing to accept Coffee’s bill drawn to pay for cotton consigned to them, and upon this the bank had discounted previous bills and drafts of Coffee. *414 This bill was accepted by Blair & Buck; but they failed before it fell due, and it was not paid.
The bank avers that the proceeds of this bill, which it paid to Coffee, were used by him in paying for a lot of cotton purchased from Day & Proudfit, cotton factors, and consigned to Blair & Buck, and that in fact Day was a partner with Coffee in the adventure, and the money was advanced upon the credit of the firm. The defendant Day does not deny that the money was used in paying for this lot of cotton, but denies the existence of the partnership, and denies also that the money was loaned upon his credit.
Upon both of these questions there was a direct conflict in the evidence.
The evidence shows that there was no agreement or arrangement between Day and Coffee that the latter was to have this bill discounted for their joint benefit, or to pay for this cotton. As to this there is no conflict.
This being so, and Day not being in any manner a party to the paper, the Circuit Judge instructed the jury in substance, that in order to make the defendant Day liable, two propositions must be established; first, that there was a partnership existing at the time between Coffee and Day in the transaction; and second, that the money was advanced upon the credit of the firm. This we think is fully sustained, both upon principle and authority.
If a person loan money to a member of a firm upon his individual credit and take his individual obligation, there can be no ground for holding the firm *415 liable for the money because the individual, having thus obtained it, may afterwards have paid it into the partnership business, or used it for the benefit of the firm. To this effect see the cases of Foster v. Hall & Eaton, 4 Hum., 346, and Crouch & Emmerson v. Bowman, 3 Hum., 209; and other authorities might be cited in support of it.
So that, upon the state of facts presented in the record, the- liability of Day depended upon the two propositions of fact submitted to the jury.
It is objected that the Judge refused to submit to the jury the right of the plaintiff to recover upon the count for money loaned or advanced to the firm; but we have seen that to make out this right it must appear that the money was loaned not merely for the firm, but upon their credit, and not upon the credit of the individual member. So that the ease was submitted to the jury in the only aspect in which this can have appeared from the proof. We see no other hypothesis consistent with this record upon which the plaintiff’s right to recover could be maintained.
The charge of the court upon the question of partnership was very favorable to the plaintiff. The jury were told that slight circumstances would in a case of this character authorize them to find a partnership, cautioning them at thé samé time as to the uncertainty of casual conversations.
It is objected that the jury were told that proof of certain conversations between Day and Coffee would be evidence- of a partnership prima facie.
*416 We think there is nothing valid in this criticism. The meaning- of this, as is fully explained in the charge, was that this proof would be sufficient in the absence of other countervailing evidence.
Without answering all the criticisms made upon the charge, we think it is substantially correct, and that it properly presented the case to the jury.
The evidence, as we have said, is directly conflicting, both upon the question of the existence of a partnership, and upon the question whether this bill was not discounted and the money advanced without any reference to the credit of such firm if it existed, and upon the credit only of the parties to the paper.
We are of opinion that the facts in proof show that the bill was discounted upon the faith that it would be accepted and paid by Blair & Buck.
TJpon both of these questions we think the jury were well warranted in finding a verdict for the defendant. Let the judgment be affirmed.